**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Steven Deontae Hoover, Appellant.

Appellate Case No. 2018-002040

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-185
Submitted April 1, 2021 – Filed May 19, 2021

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor David Rhys Wagner, Jr.,
of Anderson, all for Respondent.

———————

**PER CURIAM:** Steven Deontae Hoover appeals his shoplifting conviction and sentence of ten years' imprisonment, suspended to seven years' imprisonment with five years' probation. Hoover argues the trial court erred by refusing to give an

adverse inference jury instruction with regard to spoliation of evidence because the State deliberately failed to preserve a copy of the surveillance video of the incident.

Because the State did not have the surveillance video in its possession to preserve or destroy, there was no evidence the State acted in bad faith by not requesting a copy of the video. Additionally, there was no evidence the State deliberately failed to preserve any potentially exculpatory evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *id*. at 479, 697 S.E.2d at 583 ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. McBride*, 416 S.C. 379, 389, 786 S.E.2d 435, 440 (Ct. App. 2016) ("Adverse inference charges are rarely permitted in criminal cases."); *State v. Batson*, 261 S.C. 128, 138, 198 S.E.2d 517, 522 (1973) ("[W]e entertain grave doubt as to the propriety, in a criminal case, of the rule of an adverse inference . . . ."); *id*. ("[A] charge of this proposition to a jury on a behalf of either the State or the defense is not warranted except under most unusual circumstances . . . .");  *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001) ("The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant."); *id*. at 538-39, 552 S.E.2d at 307 ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.